**Alexandria**

BRUCE A. BRODY

v.

LAURIE G. BRODY, n/k/a

LAURIE G. STREETER

No. 0847-92-4

Decided June 29, 1993

COUNSEL

Robert J. Surovell (Surovell, Jackson, Colten & Dugan, P.C., on brief), for appellant.

Lawrence E. Becker (Lieding & Becker, P.C., on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal from a decree denying an award of child support, we consider the sufficiency of the evidence needed to impute income to a parent who is allegedly voluntarily unemployed. We hold that (1) when a parent leaves his or her employment, the burden is upon that parent to show that the decision to do so was not voluntary, (2) the unilateral decision to stay home and care for a child is not sufficient, standing alone, to establish that unemployment is involuntary, if child care services are available, and (3) imputed income may be based on evidence from employment recently and voluntarily terminated.

The parties to this appeal are divorced and have two children. An agreement between them provided for joint legal and physical custody of the children and required the father to pay the mother $250 a month for support of the children.

The mother has remarried, and she and her new husband now have a child. Approximately one year before the support hearing, the mother terminated her job as an analyst at the Defense Intelligence Agency, where she last earned $54,000 annually. She testified that she stopped working in order to stay home with her children and to care for a child who was expected in December. The mother's new husband, an army colonel, was transferred to Germany, and the mother expressed her intention to follow him there. The father and mother agreed that the father should be granted sole custody of the children; however, they were unable to agree on child support. The trial court denied the father's petition for an award of child support because "the evidence was insufficient to establish (a) that [the mother] was voluntarily unemployed when she followed her military husband to Germany, (b) what employment was available for her skills as a military dependent in Germany, and (c) what the income level could be imputed to her while she was there."

The father contends that the mother is voluntarily unemployed and that she should be required to pay child support based on an imputation of her prior income. The mother responds that she has no current income as a result of leaving her job to care for her children, and, therefore, under the guidelines, she should not be required to pay any support. Furthermore, she contends that because of her pending move to Germany, she will be unable to find employment and should not, therefore, be required to pay child support.

■ The starting point for determination of each parent's child support obligation is the amount calculated using the schedule found in Code § 20-108.2(B); however, that amount is subject to adjustment based on the factors found in Code § 20-108.1. Code § 20-108.1; *see also Richardson v. Richardson*, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). "Imputed income to a party who is voluntarily unemployed or voluntarily underemployed" is one of the factors that may rebut the presumptive amount of child support reflected on the schedule. Code § 20-108.1(B)(3).

■ Before imputing income to a party, the trial court must first determine the presumptive amount of child support under the guidelines. *Farley v. Liskey*, 12 Va. App. 1, 5, 401 S.E.2d 897, 899 (1991). If a trial court imputes income to a party, it must make written findings explaining why imputed income to the party would make it unjust or inappropriate to award the presumptive amount of child support. *Richardson*, 12 Va. App. at 22, 401 S.E.2d at 896.

■ Income may be imputed "to a party who is voluntarily unemployed or voluntarily underemployed." Code § 20-108.1(B)(3). Once evidence is produced that a parent chose to leave his or her employment without being discharged, a trial court may infer that the unemployment was voluntary. That parent must then produce evidence to explain why his or her unemployment or underemployment was not "voluntary." *Antonelli v. Antonelli*, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991). In this case, the father produced evidence that the mother chose to leave her job as a defense analyst. The mother then had the burden of showing that her unemployment was not "voluntary."

The mother argued that she left her employment to "stay home" with her children and her expected child, who was born later that year. This evidence, standing alone, does not rebut the presumption that the wife was "voluntarily unemployed." Income may not be imputed to a custodial parent who stays home to care for a child, if the "child is not in school, child care services are not available and the cost of such child care services are not included in the computation." Code § 20-108.1(B)(3). It follows, therefore, that income may be imputed if (1) the evidence reveals that the child or children are in school, or (2) child care services are available and the cost of such child care services may be determined.

■ In setting an award of child support, the "primary issue before a trial judge is the welfare and best interests of the child, not the convenience or personal preference of a parent." *Hur v. Dep't of Social Services*, 13 Va. App. 54, 60, 409 S.E.2d 454, 458 (1991). Thus, a parent may not " 'purposefully choose to pursue a low paying career which operates to the detriment of [the parent's] children.' " *Id*. (quoting *Payne v. Payne*, 5 Va. App. 359, 364, 363 S.E.2d 428, 431 (1987)).

■ If the roles in this case had been reversed, and the father chose to leave his job and stay at home to care for the children of another marriage, we would not, without more, uphold an elimination of his obligation to support his other children. The mother should be held to a like standard. While a family is intact, the parents' choice of occupations and the family's standard of living are left to the parents' discretion as long as the children's basic needs are met. Once the parents are separated, however, "the law of this Commonwealth allows the courts to provide for the child's basic needs and, within reason, some measure of assumed parental generosity." *Conway v. Conway*, 10 Va. App. 653, 658, 395 S.E.2d 464, 467 (1990). After divorce, although a parent may voluntarily terminate his or her employment, he or she may not do so to the detriment of support obligations to the children.

■ Finally, the absence of evidence concerning the employment market in Germany was not a sufficient basis for the trial court to decline to impute income to the mother. Where a parent is "voluntarily unemployed or voluntarily underemployed" a trial court may impute income based on evidence of recent past earnings. *Barnhill v. Brooks*, 15 Va. App. 696, 702, 427 S.E.2d 209, 213 (1993). Contrary to the trial court's holding, the father does not have the burden of proving what employment is available to the mother in Germany. The father was required only to produce evidence that was sufficient to "enable the trial judge reasonably to project what amount could be anticipated" had the mother continued in her employment. *Hur*, 13 Va. App. at 61, 409 S.E.2d at 459. The father did this by producing evidence that the mother earned $54,000 annually prior to leaving her job as a defense analyst. This evidence was sufficient for the trial court to impute income to the mother; the father was not required to introduce evidence concerning the labor market in Germany. Accordingly, the trial court erred in holding that income could not be imputed because of insufficient evidence of "what employment was available for her skills as a military dependent in Germany, and what . . . income level could be imputed to her while she was there."

Because the trial court required the father to prove that the mother was "voluntarily unemployed" and to prove the nature of the employment available to her in Germany, it erred in finding insufficient evidence to impute income to the mother before setting its award of child support. Code § 20-108.1(B)(3). Accordingly, the order of the trial court is reversed and remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

Willis, J., and Fitzpatrick, J., concurred.