COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


HERMAN NORRIS ELLIOTT

                                   MEMORANDUM OPINION[*] BY

v.      Record No. 2921-95-3     JUDGE JOHANNA L. FITZPATRICK
                                        JULY 16, 1996

JOSEPHINE ALPHA JACOBS ELLIOTT


FROM THE CIRCUIT COURT OF THE CITY OF SALEM
G. O. Clemens, Judge

John W. Acree (Jolly, Place, Fralin &
Prillaman, P.C., on brief), for appellant.

Chris K. Kowalczuk (Richard Lee Lawrence &
Associates, on brief), for appellee.


In this domestic relations appeal, Herman Norris Elliott
(husband) argues that the trial court erred in finding him to be
underemployed and in finding his new salary sufficient to
continue to pay spousal support of $75 per week to Josephine
Alpha Jacobs Elliott (wife). He further argues that the trial
court erred in awarding attorney's fees to wife. For the reasons
that follow, we affirm.

**BACKGROUND**

In a final decree dated September 29, 1994, the trial court
ordered husband to pay $75 per week in spousal support to wife
and awarded each party his or her own retirement benefits. On
June 23, 1995, husband moved for a reduction in spousal support.
The trial court denied husband's request and found that: (1)

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

husband's voluntary underemployment did not support a reduction, and (2) husband had sufficient income to pay the spousal support as ordered. The trial court also awarded attorney's fees to wife. Husband filed a motion to reconsider, and a second hearing was held on October 26, 1995.

The evidence established that husband worked for Elizabeth Arden for over twenty-nine years. In January 1995, he received a "Voluntary Retirement Incentive Program" memorandum from his employer, offering him the opportunity for early retirement. Husband chose to participate in the early retirement program because he anticipated that Elizabeth Arden might eliminate his job. Upon husband's retirement, his enhanced retirement benefits totaled $220,336.45. Husband opted to receive his retirement benefits in a lump sum, rather than in monthly installments.

After retiring, husband obtained a new job with Hanover Direct, where he earns $8 per hour and approximately $377 per week. Additionally, husband withdrew money from a separate 401(k) account worth $120,000 to make spousal support payments. Wife's monthly income is $1,326.98, and her expenses total $1,664.85.

At the hearing on October 26, 1995, the trial judge found, inter alia, that the $75 per week spousal support previously ordered was not excessive when husband's salary was over $300 per week and that husband "had the ability to pay that amount" for spousal support. Additionally, he found that husband was

2

voluntarily underemployed and stated as follows:

> He chose early retirement and he chose not to receive any income from his early retirement, and that is his choice, but it has caused him to not have as much income available to him as he could have had under other means.

In a December 4, 1995 order, the trial court denied husband's motion for a reduction in spousal support.

## SPOUSAL SUPPORT

Husband contends that the trial court erred in finding that he was voluntarily underemployed and in determining that his current income is sufficient to pay spousal support. Husband claims that he is forced to use his retirement benefits to make spousal support payments.

"'[T]he decision to award spousal support rests within the sound discretion of the trial court.'" L.C.S. v. S.A.S., 19 Va. App. 709, 714, 453 S.E.2d 580, 583 (1995) (quoting Via v. Via, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992)), cert. denied, ___ U.S. ___, 116 S. Ct. 1360 (1996). "Once evidence is produced that a [spouse] chose to leave his or her employment without being discharged, a trial court may infer that the unemployment was voluntary." Brody v. Brody, 16 Va. App. 647, 650, 432 S.E.2d 20, 22 (1993). "The burden of proof is upon that [spouse] to explain why his or her unemployment or underemployment was not 'voluntary.'" Id. "A reduction in income resulting from a voluntary employment decision does not require a corresponding reduction in the payor spouse's support obligations, even if the

3

decision was reasonable and made in good faith." Stubblebine v Stubblebine, 21 Va. App. 635, 640, 466 S.E.2d 764, 766 (1996), reh'g en banc granted, Mar. 22, 1996.

Although the trial court addressed the issue of husband's voluntary reduction in income, it did not impute any income to husband in the instant case. The court simply evaluated the ability of husband to continue to make his spousal support payments with his lower salary. The trial court's finding that husband's current salary of $377 a week was sufficient to pay $75 in spousal support was supported by the evidence. The denial of husband's request for a reduction was not an abuse of discretion.

**ATTORNEY'S FEES**

Husband also argues that the trial court erred in awarding attorney's fees to wife. "'An award of attorney fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" L.C.S., 19 Va. App. at 721, 453 S.E.2d at 587 (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). Under the circumstances of this case, we can find no abuse of discretion by the trial court.

Accordingly, the decision of the trial court is affirmed.

Affirmed.