COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MICHAEL R. McELROY
                                          MEMORANDUM OPINION[*]
v.   Record No. 0481-96-4                   PER CURIAM
                                          OCTOBER 1, 1996
SANDRA W. COOKE, F/K/A
 SANDRA McELROY


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Marcus D. Williams, Judge

          (Harvey H. Perritt, Jr., on brief), for
          appellant.

          No brief for appellee.


     Michael R. McElroy appeals the decision of the circuit court

awarding an increase in child support payable to Sandra W. Cooke.

 McElroy raises the following issues on appeal:  (1) whether the

trial court erred when it failed to impute income to Cooke

following a voluntary reduction in her work hours; (2) whether

the trial court erred when it failed to impute income to Cooke

for rental income; (3) whether the trial court erred when it

failed to consider the tax consequences to Cooke of a negative

cash flow attributable to the rental property; and (4) whether

the trial court erred in finding Cooke no longer owned the rental

property.  Upon reviewing the record and McElroy's opening brief,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Cooke sought an increase in child support following a reduction in insurance coverage for the costs of psychological counseling for the parties' two children. The trial court found that a material change in circumstances had occurred which warranted an increase in support.

## Voluntary Reduction of Hours

McElroy contends that the trial court erred by failing to impute income to Cooke following her reduction in work hours. Under Code § 20-108.1(B), there is a rebuttable presumption that the amount of child support computed under Code § 20-108.2 guidelines is correct. However, after computing the presumptive amount, a court may determine that "application of such guidelines would be unjust or inappropriate in a particular case." Code § 20-108.1(B). Such a deviation

> shall be determined by relevant evidence
> pertaining to the following factors affecting
> the obligation, the ability of each party to
> provide child support, and the best interests
> of the child:
>
>       *     *     *     *     *     *     *
>
> 3. Imputed income to a party who is
> voluntarily unemployed or voluntarily
> under-employed . . . .

Id. "In setting an award of child support, the 'primary issue before a trial judge is the welfare and best interest of the child, not the convenience or personal preference of a parent.'" Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993) (citation omitted). "The guidelines include voluntary

underemployment as only one of several factors to be considered in adjusting the presumptive child support amount." Barnhill v. Brooks, 15 Va. App. 696, 701, 427 S.E.2d 209, 212 (1993).

Cooke reduced her work hours "basically based on my children and on the advise of [their therapist]." Both sons have serious emotional and learning disabilities which require therapy at least every week. The therapist testified that "99% of the effort involved with the children [was] carried out by Mrs. Cooke." Cooke testified that she also cared for her elderly parents who had suffered strokes, but McElroy failed to point to any evidence that this care was the reason Cooke reduced her work hours.

The trial court found a change in circumstances due to the limited number of therapy sessions covered by Cooke's insurance. The testimony relating to Cooke's reduction in hours indicated that it was based upon her children's needs. Those needs were established by credible evidence, including the testimony of the children's therapist. Based upon the record before us, we cannot say that the trial court abused its discretion by refusing to impute income to Cooke based upon her reduced work hours.

### Rental Property

McElroy argues that the trial court erred when it refused to impute income to Cooke arising from rental property formerly owned by her and her new husband. We disagree.

Cooke testified that she and her new husband no longer

3

owned the rental property and that its rental income had never exceeded its expenses. While McElroy contends that Cooke did not prove they no longer owned the property, Cooke's testimony concerning the negative income was uncontested.

The trial court found that "the sale itself appears to be one that is not adequately explained by [Cooke or McElroy], but I don't doubt the credibility that she's not receiving income from that property." The trial court heard the testimony of the parties and determined their credibility. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). We will not reverse the trial court's credibility determination. Therefore, as the trial court found credible Cooke's testimony that there was no rental income, it did not abuse its discretion in refusing to impute additional income to Cooke on this basis.

Moreover, as the court found there was insufficient evidence concerning Cooke's ownership of the property, the court did not err in refusing to determine ownership or any related tax consequences.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4