COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Baker[*]
Argued at Norfolk, Virginia


ROBERT MICHAEL EWING
                                    MEMORANDUM OPINION[**] BY
v.        Record No. 1461-97-1      JUDGE RICHARD S. BRAY
                                      AUGUST 11, 1998
PATRICIA LYNN EWING

        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
               Russell I. Townsend, Jr., Judge

        Robert M. Ewing, pro se.

        Patricia L. Ewing, pro se.


        The instant cause was before the trial court upon motion of

Robert Michael Ewing (father) seeking a reduction of child

support previously awarded to Patricia Lynn Ewing (mother).

Father alleged changed circumstances arising from "significant

reduction of [his] income . . . coupled with a substantial

increase in [mother's] income . . . ."  Finding the requisite

change in circumstances, the court reduced the earlier award but,

nevertheless, aggrieved father by imputing income to him and

otherwise calculating the modified support.  Father appeals,

alleging numerous substantive and procedural errors.  Finding no

error, we affirm the order.

_____

        [*]Judge Baker participated in the hearing and decision of
this case prior to the effective date of his retirement on July
31, 1998 and thereafter by his designation as senior judge
pursuant to Code § 17-116.01.

        [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary for disposition of the appeal.

In accordance with well established principles, we review the evidence in the "light most favorable to the party prevailing below," mother in this instance. <u>Pommerenke v. Pommerenke</u>, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (citation omitted). When the court hears the evidence <u>ore</u> <u>tenus</u>, "its finding is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." <u>Id.</u> A presumption exists that the court properly considered the evidence and applied the law. <u>See</u> <u>Williams v. Williams</u>, 14 Va. App. 217, 221, 415 S.E.2d 252, 254 (1992).

Father initially contends that the court erroneously departed from the statutory guidelines of Code § 20-108.2 by imputing income to him without ascertaining the "presumptively correct amount" and properly explaining the deviation. Father's arguments, however, are belied by the record.

A trial court addressing a material change in circumstances which requires modification of the original support order must first calculate the presumptive amount fixed by the statutory guidelines, deviating only after concluding, with written justification, that such award would be "unjust or inappropriate" in consideration of those factors specified in Code § 20-108.1. <u>See</u> <u>Watkinson v. Henley</u>, 13 Va. App. 151, 158, 409 S.E.2d 470,

- 2 -

473-74 (1991); Code §§ 20-108.1, -108.2. Here, the record discloses that the court expressly found the requisite changed circumstances and that the loss of father's income would reduce his guideline obligation to "zero."[1] However, in consideration of father's recent employment and earnings history, the court departed from the guidelines by imputing income to him, a finding sufficiently justified by the court in the disputed order which must be affirmed, if supported by the evidence. See Code § 20-108.1(B)(3), (11), (12).

It is well established that a parent may not voluntarily or neglectfully compromise income to the detriment of support obligations to children. Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993); see also Auman v. Auman, 21 Va. App. 275, 279, 464 S.E.2d 154, 156 (1995). Thus, income may be imputed to a parent to promote the welfare of his or her children through a support order reasonable and appropriate to the circumstances. See Code § 20-108.1(B)(3), (11), (12). In addition to the several statutory factors relevant to imputation, we have also recognized "recent past earnings" as a relevant consideration. Brody, 16 Va. App. at 651, 432 S.E.2d at 22; see Code § 20-108.1(B)(3), (11), (12).

Here, father is an articulate, educated professional, with

---

[1]Father did not properly preserve an objection to the omission of this calculation from the order, and we decline to consider this issue on appeal. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); Rule 5A:18.

marketable skills evidenced by recent, well compensated employment.  Although without work at the time of the hearing, father had been employed during the preceding year pursuant to a contract which had ended in accordance with its terms only several weeks previously.  He offered little evidence of a job search either in anticipation of or after termination.  Such evidence, when considered with the entire record, justified the imputation of $40,000 annual income to father, a sum less than his most recent earnings and reasonable under the circumstances.

Father further complains that the trial court prevented him from presenting evidence pertinent to the imputation issue.  However, we are unable to consider this question because father failed to proffer or avouch such evidence for the record, thereby precluding proper appellate review for error.  See Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992).

Father next argues that the court incorrectly determined his child support obligation by failing to deduct previously ordered spousal support from his gross income, by requiring him to share "ordinary" medical expenses in addition to fixed support and by adding expenses of "child care" not in evidence.  Our review of the record does not disclose an obligation of spousal support of father to mother or an imposition of medical expenses contrary to statute, and mother's uncontroverted testimony sufficiently established monthly child care expenses of $141.  Hence, we find no merit in father's contentions.

Lastly, father seeks an award of attorney's fees incidental to these proceedings.  Finding no merit in father's appeal or circumstances otherwise supporting his claim, we decline such relief.

Accordingly, we affirm the disputed order.

<u>Affirmed</u>.