COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


WILLIAM ALBERGER

                                        MEMORANDUM OPINION*
v.    Record No. 2527-98-4                  PER CURIAM
                                           JUNE 15, 1999
JOYCE LEE ALBERGER


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                       Donald M. Haddock, Judge

               (Gwena Kay Tibbits; Law Offices of Gwena Kay
               Tibbits, on briefs), for appellant.

               (Michael A. Ward; Gannon, Cottrell & Ward,
               P.C., on brief), for appellee.


     William Alberger (husband) appeals the final decree of

divorce entered by the circuit court.  Husband contends that the

trial court erred by (1) determining the amount of child support

by imputing income to him, failing to impute income to Joyce Lee

Alberger (wife), and requiring him to pay private school

tuition; (2) misapplying the factors set out in Code

§ 20-107.3(E) when granting wife a monetary award; (3) requiring

husband to pay debts associated with the marital residence until

the sale of the residence; (4) requiring husband to pay any

unsecured joint debts not satisfied by the proceeds of the sale

of the marital residence; (5) not awarding husband the marital

--------

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

residence; and (6) not crediting husband with payments made on the marital residence during the parties' separation. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, "we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . . 'The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled.'" Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citation omitted).

### Child Support

"The starting point for determination of each parent's child support obligation is the amount calculated using the schedule found in Code § 20-108.2(B); however, that amount is subject to adjustment based on the factors found in Code § 20-108.1." Brody v. Brody, 16 Va. App. 647, 650, 432 S.E.2d 20, 21 (1993). Among the relevant factors which the trial court may consider when deviating from the guideline amount are income imputed to a party who is voluntarily unemployed or voluntarily underemployed, and the parties' respective earning capacity, obligations and needs, and financial resources. See Code § 20-108.1(B)(3) and (7). When the imputed income and the resulting child support are "supported by the evidence and the trial judge has not otherwise abused his or her discretion, the

-

deviation . . . will be upheld on appeal." Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

The evidence established that husband earned in excess of $130,000 each year between 1993 and 1997. Although husband was employed in a law firm at the time of the hearing, he was leaving his employment at the end of August 1998. He admitted that he was leaving voluntarily, that he had made few attempts to seek employment with another firm, and that he planned to open his own office. He testified that he would be bringing his clients with him and that in each of his employment changes in the past, "[w]hen I've left, the clients have – have come with me, and – and they will do so." He also testified that one client would pay $7,500 for four months, and another between $5,000 and $7,000 a month.

Husband argued that he was not attempting to avoid his obligation to support his child. Nonetheless, he was not free to "make career decisions that disregard the needs of his dependents and his potential obligation to them, and 'the risk of his success at his new job [is] upon [him], and not upon [his child].'" Auman v. Auman, 21 Va. App. 275, 279, 464 S.E.2d 154, 156 (1995) (citation omitted). Here, the evidence indicated that husband's income had been above, and in some years well above, $130,000 for each of the last five years. While the trial court recognized that husband's circumstances were fluctuating, we cannot say it erred by imputing to husband a

-

level of income well within husband's most recent earning history.  "Where a parent is 'voluntarily unemployed or voluntarily underemployed' a trial court may impute income based on evidence of recent past earnings."  Brody, 16 Va. App. at 651, 432 S.E.2d at 22.

Similarly, while the evidence indicated that wife's income would increase if her position became permanent, we find no error in the trial court's decision to use wife's actual earnings at the time of the hearing, rather than to impute to her a potential increase in earnings.

Finally, the parties agreed that their son should continue to attend private school.  The trial court found that husband was in the better position to pay for this expense.  We find no abuse of discretion in the trial court's decision to require husband to bear the cost of the private school tuition.

## Equitable Distribution

Husband's remaining issues challenge the trial court's equitable distribution decision.  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this

-

Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Husband contends that the trial court erred in its application of the Code § 20-107.3(E) factors when making its monetary award of $15,000 to wife. We disagree. The trial court's opinion letter set out in detail the factors and evidence considered by the court. The court noted, among other factors, that husband made the greater monetary contributions to the family, that he paid mortgage and other expenses during the separation, and that he paid the college expenses for wife and her daughter. Based upon the evidence submitted to and relied upon by the trial court, husband was awarded his IRA, life insurance, and bank accounts with a value of $67,379, while wife received her accounts totaling $153. Husband owed over $70,000 in his separate unsecured debt, while wife owed over $36,000. The trial judge thoroughly examined the evidence and considered the required factors before determining the award. In reviewing the award, "'we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case. Only under exceptional circumstances will we interfere with the exercise of the trial judge's discretion.'" Gamble v. Gamble, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992) (quoting Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988)). We cannot say that the decision to grant wife a monetary award of $15,000 was an abuse of discretion.

-

Husband also contends the trial court erred by requiring him to pay the unsecured joint debts left unsatisfied after the sale of the marital residence. We find no error. At the time of the hearing, the parties' unsecured joint debt totaled over $33,000, while their equity in the marital residence was $40,000. The amount of unsecured joint debt for which husband would be solely responsible was unascertainable at the time of the trial. However, despite the fact that husband's employment was less certain than that of wife, he continued to have the ability to earn substantially more than she. Husband has failed to demonstrate that the trial court abused its discretion by assigning remaining unsecured joint debts to him.

Husband contends that the trial court failed to give him credit for his post-separation payments towards the mortgage on the marital residence. The record demonstrates that the trial court expressly considered those payments. The court was not required under Code § 20-107.3 to assign a dollar-for-dollar credit to husband for his payments. See von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997).

Husband also contends that the trial court erred by requiring him to pay all debts associated with the marital residence until sold. While the trial court acknowledge that "[wife's] prospects appear more certain that [husband's]," the evidence established that husband continued to have the greater relative earning capability. We find no error in the trial

-

court's decision to require husband to continue to pay the expenses for the marital residence until its sale.

Finally, husband contends that the trial court erred by requiring the sale of the marital residence. As noted above, the marital residence was a means by which the parties could use a joint asset to pay unsecured joint debt. By directing that the sale proceeds be applied to existing joint debts, the trial court exercised its statutory authority to apportion marital debts. See Code § 20-107.3(C). Both the evidence and the law support the trial court's decision.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-