COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


THOMAS MIKLOVIC

MEMORANDUM OPINION[*]
v.   Record No. 0271-02-4                    PER CURIAM
                                            AUGUST 6, 2002
DEBORAH L. NAPIER


        FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                Thomas D. Horne, Judge

        (Craig E. White; Sevila, Saunders,
        Huddleston & White, P.C., on brief), for
        appellant.

        No brief for appellee.


     Thomas Miklovic, appellant, appeals a decision of the trial

judge imputing income to appellant for purposes of determining his

child support obligation.  Upon reviewing the record and opening

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial judge.

See Rule 5A:27.

                         BACKGROUND

     Appellant and Deborah Napier, appellee, were divorced in

1999.  On September 10, 2001, appellant's employer terminated his

employment.  On that same day, appellant filed a motion in the

trial court to modify spousal and child support.  Based upon

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence presented at a hearing held on October 31, 2001, the trial judge entered an order on November 5, 2001 imputing income to appellant for purposes of calculating child support. Appellant filed objections and a motion to reconsider, and the trial judge entered an order suspending and tolling the time period pursuant to Rule 1:1. On December 4, 2001, appellant presented further argument and evidence on the issue, and the trial judge modified several aspects of his earlier rulings. However, the trial judge did not modify his ruling on the imputation of income to appellant. The trial judge entered an order on January 4, 2002, imputing $5,518 per month income to appellant for the purposes of calculating child support. Appellant appeals that order.

## FACTS

At the hearing held on October 31, 2001, appellant offered evidence that his sole source of income was his unemployment benefits of $1,595 per month. Appellant also testified that he had searched for employment through internet employment agencies. Wife argued that appellant had other sources of income and assets, and she offered into evidence a mortgage application which she asserted showed appellant's income and other assets. Appellant contended that the mortgage application contained financial asset information concerning his brother, who was a co-borrower on the application. Wife also asserted that appellant had not "lifted one finger" since he lost his job and that he had a substantial retirement account.

-

Appellant's monthly income prior to his unemployment was $7,113. The trial judge ruled that appellant's prior monthly income should be imputed to him for the purposes of calculating child support. Thus, the trial judge imputed $5,518 per month income to appellant.

At the December 4, 2001 motion for reconsideration, appellant argued that, in his earlier ruling, the trial judge failed to state on the record the factors he considered in deviating from the presumptive amount of child support. The trial judge then articulated his reasons for imputing income to appellant. The trial judge stated:

> One, [appellant] has a history of frequent job changes. But in all those job changes he has been employed at a salary at a given level of income, and that income is roughly the income that was imputed to him in this case.
>
> Secondly, he has not been out of work for a long period of time. I found also his testimony to be lacking in credibility in this case with respect to his efforts to find employment. I found that the evidence that he did present to be really of little value to the court in assessing his income and what he should be earning at this point in time, if anything.
>
> Also, I noted the papers that were filed and exhibits that were filed by [appellee] in this case with respect to the mortgage application, what he stated on the mortgage application his income to be in this case, and any independent resources that he might have with respect to income, although that's really of little note.

-

> And the court in sum found that [appellee] has borne the burden of--in this case--of showing that income should be imputed to [appellant], and that he could be working at the salary that has been imputed to him, which has been his historical salary of late in this case.

These findings were included in the January 4, 2002 court order. The trial judge also indicated that the presumptive guideline child support obligation was $743 per month, and appellant does not challenge this figure. The trial judge imputed income of $5,518 per month to appellant, and he ordered appellant to pay $2,020 per month in child support.

## ANALYSIS

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999). The trial judge must "'consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children.'" Id. at 102, 515 S.E.2d at 784 (citation omitted).

-

> A reduction in income resulting from a voluntary employment decision does not require a corresponding reduction in the payor spouse's support obligations, even if the decision was reasonable and made in good faith. Accordingly, a "court may impute income to a party who is voluntarily unemployed or underemployed." The trial court, in determining whether to award support and the amount thereof, may consider earning capacity as well as actual earnings in fashioning the award so long as it applies "the circumstances in existence at the time of the award."

Stubblebine v. Stubblebine, 22 Va. App. 703, 708, 473 S.E.2d 72, 74 (1996) (en banc) (citations omitted).

> Where . . . the father seeks a reduction in the amount of payments for the support and maintenance of his minor children because of a change in his financial condition, he must make a full and clear disclosure relating to his ability to pay. He must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect.

Hammers v. Hammers, 216 Va. 30, 31-32, 216 S.E.2d 20, 21 (1975).

Although appellant's employment was involuntarily terminated on September 10, 2001, the trial judge specifically stated that he did not find credible appellant's testimony concerning his efforts to find employment after his termination. Thus, from the evidence presented, the trial judge could find that, since his termination, appellant has remained voluntarily unemployed. Appellant is an articulate, educated professional, with marketable skills evidenced by recent, well-compensated employment. Indeed, appellant's resume, which was admitted into

-

evidence as an exhibit, indicates that he is seeking a position in software engineering in the "embedded, data/telecommunications field" with a desired salary of $92,000 per year. The evidence did not show that appellant's inability to pay child support was "not due to his own voluntary act or because of his neglect" in failing to obtain employment. See id. In addition, the trial judge based the amount of imputed income on the amount of income appellant was earning immediately prior to his termination. "Where a parent is 'voluntarily unemployed or voluntarily underemployed' a trial court may impute income based on evidence of recent past earnings." Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993) (citation omitted).

Furthermore, although appellant argues the trial judge misapplied the burden of proof in this case, the trial judge specifically found that appellee "has borne the burden . . . of showing that income should be imputed to [appellant]." The party seeking to impute income has the burden of proof. Id.

Appellant also contends the record does not support the trial judge's finding that he had a history of frequent job changes. Appellant's resume indicates that he has been employed at three different companies since 1998. From that evidence, the trial judge could conclude that appellant has a history of frequent job changes. Moreover, the evidence showed that appellant is a trained professional, with viable skills, over

-

twenty years of experience in the field of software engineering, and a recent history of well-compensated employment.  Therefore, the trial judge had sufficient evidence to impute income to appellant.  Accordingly, we affirm the trial judge's decision.

<u>Affirmed.</u>