COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Chafin and Senior Judge Annunziata

NAVIN K. SITOULA

v.      Record No. 1354-13-4

SURUCHI SITOULA

MEMORANDUM OPINION*
PER CURIAM
MAY 20, 2014

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Ted Kavrukov, on briefs), for appellant.

(Raymond B. Benzinger, on brief), for appellee.


Navin K. Sitoula (husband) appeals a final order of divorce.  Husband argues that the trial

court erred by (1) awarding $1,600 per month in spousal support to Suruchi Sitoula (wife), for an

undetermined period of time, and $920 per month in child support without considering husband's

actual net income, needs, and ability to pay; (2) imputing income to husband without notice to

husband, without wife asking for imputed income, and without taking any evidence; and

(3) awarding attorney's fees to wife.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                    BACKGROUND

The parties married on February 25, 2006 and separated on April 2, 2012.  The parties

had two children born of the marriage.

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After the parties separated, wife filed a complaint for divorce and requested a divorce based on desertion, equitable distribution, spousal support, custody, child support, and attorney's fees and costs. Husband filed an answer and counterclaim, to which wife responded. On April 18, 2013, the trial court entered a custody and visitation order based on the parties' agreement. On the same day, the trial court began to hear evidence on the grounds of divorce, equitable distribution, and permanent spousal support and child support. Since the hearing was not concluded on that day, the matter was continued to May 2, 2013.

During the trial, evidence was presented regarding the parties' incomes. Wife worked part-time delivering newspapers to hotels, while the children slept.[1] She had earned a nurse's assistant certificate during the marriage, but it expired. She primarily stayed at home and took care of the children. Husband worked full-time with an audio visual company and also had two part-time jobs.

At the conclusion of the hearing, the trial court issued its ruling from the bench regarding equitable distribution and support. It took the issue of attorney's fees under advisement. On June 18, 2013, the trial court issued a letter opinion, which further explained the spousal support and equitable distribution awards and awarded $12,500 to wife for her attorney's fees. The trial court entered the final order of divorce on June 25, 2013. Husband filed his objections to the final decree. This appeal followed.

ANALYSIS

*I. Motion to file supplemental appendix*

On January 29, 2014, wife filed a motion for leave to file a supplemental appendix. Husband's appendix included only the cover pages of the transcripts for the April 18, 2013 and May 2, 2013 hearings. Wife's supplemental appendix included the full transcripts from those

---

[1] Wife's parents would stay with the children while she worked.

hearings. Husband objected to wife's motion and argued that it was not necessary to include the transcripts in the appendix since he had filed them with the trial court. Rule 5A:25(c)(3) states that the appendix "shall include . . . any testimony and other incidents of the case germane to the assignments of error." The inclusion of the transcripts in the appendix is necessary in order to review the assignments of error. See Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003). Accordingly, we grant wife's motion and her request for attorney's fees and costs associated with the motion and the filing of the supplemental appendix.

## II. Support

### A. Husband's net income

Husband argues that the trial court erred in awarding wife $1,600 per month in spousal support and $920 per month in child support. He contends the trial court did not take into consideration his net income and expenses.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

At trial, husband was asked about his income. He was a salaried employee at PSAV, an audio visual company, where he also earned bonuses. The trial court found that husband's annual salary at that job was $71,440. His 2012 tax return included two Schedule C's to reflect income he received from two part-time jobs. Husband could not explain several of his

- 3 -

deductions for these part-time jobs. He delivered newspapers, and the trial court determined that he earned $4,782 per year for that job. He also had an audio visual services business, and the trial court determined that he earned $8,921 per year at that job. Therefore, the trial court calculated husband's total income to be $85,143 per year, or $7,095.25 per month.

Husband disagrees with the trial court's calculations of his income. He contends that his net income was $3,915 per month, and after paying $2,520 per month in spousal support and child support, he did not have sufficient funds to pay his bills and living expenses.

The record reflects that the trial court considered husband's testimony regarding his income and expenses, but did not find his testimony to be credible. As explained below, the trial court questioned several of husband's business deductions. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). Although the trial court rejected portions of husband's testimony, it did consider husband's income and expenses when it determined spousal support.

### B. Wife's earning capacity

Husband also argues that the trial court did not consider wife's earning capacity. Wife worked part-time delivering newspapers and earned $962 per month. Wife worked while the children were sleeping. She worked from 2:00 a.m. to 6:00 a.m. for five days a week, and arranged for her parents to stay with the children while she worked. The trial court noted that the parties decided during the marriage that wife primarily would care for the children. Husband argues that wife had earned a nurse's assistant certificate, but it expired. He contends she has the possibility of earning more income if she were to obtain her license again. The trial court found that wife's testimony was credible when she explained that husband told her that he would "take

care" of her license and there was not an issue of it lapsing during the marriage. The trial court considered that wife possibly could earn "$8.00 per hour and earn $320.00 per week, but then she would need to incur expenses for a car and child care." The trial court further found that husband "did not present any credible evidence to rebut [wife's] evidence that she is unable to work more than she presently works or obtain further training or education." Husband did not present any evidence from a vocational expert to testify about wife's earning capacity. Evidence was presented that wife continued to work in the job which she had while the parties were married.

Husband cites Brody v. Brody, 16 Va. App. 647, 432 S.E.2d 20 (1993), to support his argument; however, he misstates the holding when he says that "[i]n Virginia, the law clearly requires that the custodial parent work in all cases where child care is available." In Brody, the noncustodial parent voluntarily became unemployed, so that she could move with her new husband and their children to Germany. The Court held as follows:

> (1) when a parent leaves his or her employment, the burden is upon that parent to show that the decision to do so was not voluntary, (2) the unilateral decision to stay home and care for a child is not sufficient, standing alone, to establish that unemployment is involuntary, if child care services are available, and (3) imputed income may be based on evidence from employment recently and voluntarily terminated.

Id. at 649, 432 S.E.2d at 21.

The Court later clarified that a "trial court shall impute income to a custodial parent who is voluntarily unemployed or underemployed where the age of the child and circumstances permit the custodial parent to be gainfully employed." Bennett v. Virginia Dep't of Soc. Servs., Div. of Child Support Enforcement ex rel. Bennett, 22 Va. App. 684, 692, 472 S.E.2d 668, 672 (1996) (citing Code § 20-108.1(B)(3)).

Here, the trial court specifically stated that the circumstances do not permit wife to have a different job or earn more income. Wife did not have a car, so she borrowed a car when she delivered the newspapers. If she were to get a different job, she would probably need to buy a car, which would increase her expenses. The trial court further found that it was in the children's best interests for "their routine [to] remain as closely as possible as it was during the marriage." The trial court concluded that wife's "earning capacity is no greater than it is right now." Therefore, the trial court considered wife's earning capacity when it awarded her spousal support.

## *C. Duration*

Husband further argues that the trial court erred by awarding wife spousal support for an undetermined amount of time. He contends the spousal support should have been for a defined duration.

"The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." Code § 20-107.1(C).

Husband argues that the parties had a relatively short marriage of six years and that wife was twenty-eight years old with the ability to earn more. He contends spousal support should have lasted only one year in order for wife to obtain her nursing assistant certificate.

The trial court determined that the "current circumstances" did not dictate a defined duration spousal support award. It was within the trial court's discretion to award a defined duration award, and there is nothing in the record to suggest that it abused its discretion in deciding the duration for spousal support.

### III. Imputed income

Husband argues that the trial court erred when it imputed income to him. He contends that neither party asked the trial court to impute income to him nor was the request in a pleading before the trial court.

The trial court had to calculate each party's gross income for support purposes. "Gross income shall be subject to deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business." Code § 20-107.1(C).

The trial court examined husband's income and expenses, especially the expenses associated with his part-time jobs. Husband's 2012 tax return was offered into evidence. Counsel asked husband about several of his deductions associated with his two part-time jobs. Husband was unable to explain the deductions. For example, husband did not know why there was a deduction of $2,500 for contract labor for his newspaper delivery job. He also did not know why there was a deduction of $1,000 for legal and professional services for that job. The trial court questioned these deductions, as well as a $1,800 deduction for insurance and a deduction for office expenses. The trial court held that these were not reasonable deductions and added them back into his income for support purposes. Similarly, the trial court questioned deductions for advertising, legal fees, insurance, and other expenses associated with husband's audio visual business. Since husband could not explain these deductions either, the trial court added them back into husband's income for support purposes.

Contrary to husband's argument, the trial court did not impute this income to him. Instead, the trial court reviewed his business expenses and determined that without sufficient explanation from husband, certain expenses were not reasonable and could not be deducted from gross income for support purposes. The trial court did not err in calculating husband's gross income.

*IV. Attorney's fees and costs*

*A. Trial court*

Husband argues that the trial court erred in awarding $12,500 in attorney's fees to wife.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Contrary to husband's arguments, the trial court did not abuse its discretion in awarding attorney's fees to wife. Throughout the proceedings, husband was not forthright about his income, which caused wife to incur additional attorney's fees. During the trial, wife's counsel prepared an attorney's fee affidavit and asked wife questions about the affidavit. The attorney's fee affidavit was submitted as an exhibit without objection. It showed that wife had incurred $20,275 in attorney's fees as of April 18, 2013. Husband had an opportunity to question wife about the fees she incurred, but did not do so. He also did not request a continuance because he was provided the attorney's fee affidavit shortly before trial, nor did he file a motion to reconsider after the trial court issued its ruling.

Considering that husband earned significantly more than wife and that he was evasive about his income during the proceedings, the trial court did not err in awarding $12,500 in attorney's fees to wife.

*B. Court of Appeals*

Wife also requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed

and considered the entire record in this case, we deny wife's request for appellate attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate attorney's fees and costs incurred by wife for the filing of her motion and the supplemental appendix, and any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>