COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

KEVIN S. GODWIN

v.      Record No. 0004-15-1

KATHY L. GODWIN

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 20, 2015

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Charles E. Haden, on brief), for appellant.

(Shannon D. Lemm; Hofheimer Family Law Firm, P.C., on brief),
for appellee.

Kevin S. Godwin (husband) appeals a final decree of divorce. Husband argues that the trial

court erred by (1) imputing income to him for spousal support purposes and (2) allowing Kathy L.

Godwin (wife) to call husband's former employer as a witness after she rested her case and husband

rested his case because the witness was not a rebuttal witness. Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife married on September 14, 2001 and separated on November 20, 2012. In June 2013, husband filed a complaint for divorce. Wife filed an answer and cross bill, to which husband filed an answer.

On May 30, 2014, husband and wife entered into a marital and separation agreement. They reserved the issue of spousal support for the trial court to determine.[1]

The parties appeared before the trial court on May 30, 2014. Wife requested an award of spousal support for a defined duration.

Wife presented evidence from several witnesses on May 30, 2014. The trial court heard that during the marriage, wife worked at Georgia Pacific. In 2007, she was in a car accident. She sustained injuries that exacerbated nerve damage from a previous car accident. As a result of the accident in 2007, wife is unable to work. She receives approximately $1,900 per month in disability.

Wife also presented evidence that husband worked "off and on" during the marriage. Husband last worked at Gill's Refrigeration and Air Conditioning. He earned $19 per hour and worked forty hours per week.

After hearing from several witnesses, counsel and the court agreed to continue the case until June 9, 2014. The trial court explained that husband would testify at that time and "Mr. Gill may be available at that time." Husband's former employer, Richard Gill, was summoned to appear on May 30, 2104, but he was not present.

On June 9, 2014, the parties appeared before the trial court. Husband elected not to testify. Wife called Gill to testify. Husband objected because wife rested her case and husband presented his case. Husband argued that wife should not be allowed to call Gill as her witness

---

[1] The parties also reserved the issues of wife's request for attorney's fees and costs and husband's request for the payment of medical bills. These issues were not appealed, so this Court will not address the trial court's rulings on these issues.

because it was "improper" to reopen wife's case and Gill was not a rebuttal witness. The trial court overruled husband's objection.

Gill testified and described husband as an "excellent worker." He said that husband worked for him from April through October 2012. He also explained that husband quit this job after he had "an altercation" with a project manager.

After hearing the parties' argument, the trial court took the matter under advisement. On June 10, 2014, the trial court issued a letter opinion. It awarded spousal support to wife in the amount of $700 per month for six years. Husband filed objections to the letter opinion, and wife responded. On October 15, 2014, the trial court issued another letter opinion. It clarified and supplemented its June 10, 2014 letter opinion, but did not alter the spousal support award. On November 7, 2014, the trial court entered an order memorializing its rulings. On December 22, 2014, the trial court entered a final decree of divorce, which included the spousal support award. This appeal followed.

## ANALYSIS

### I. Assignment of error #1

Husband argues that the trial court erred by imputing income to him for spousal support purposes. Husband contends he was not voluntarily unemployed. He asserts that he injured his back after he left his employment with Gill's Air Conditioning and was unable to work. Furthermore, he argues that even if he could work, wife failed to prove that there were available jobs for him.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted). "Whether a person is voluntarily unemployed or

underemployed is a factual determination." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999).

When calculating the amount of spousal support to be awarded, the court may "impute income to a party" who "choose[s] a low paying position that penalizes the other spouse." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990); see Code § 20-107.1(E)(9) (requiring the court to consider the "earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity" in computing the amount of spousal support); Stubblebine v. Stubblebine, 22 Va. App. 703, 708, 473 S.E.2d 72, 74 (1996) (*en banc*) ("A reduction in income resulting from a voluntary employment decision does not require a corresponding reduction in the payor spouse's support obligations, even if the decision was reasonable and made in good faith.").

Wife presented evidence that husband frequently quit his jobs during the marriage. She testified that he would decide to "take a break" from working and collect unemployment. He last worked at Gill's Air Conditioning where he earned approximately $40,000 per year. His employer said that husband was an "excellent worker." However, husband voluntarily quit this job and did not seek further employment.

Husband contends he was unable to work due to back problems. However, the trial court found that "there was no reliable testimony to support that position." "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The trial court further held that husband had the ability to pay spousal support, but "chose not to work or pay." Contrary to husband's arguments, the trial court could use husband's past

earnings to determine how much he was capable of earning.  See Brody v. Brody, 16 Va. App.

647, 651, 432 S.E.2d 20, 22 (1993) ("[A] trial court may impute income based on evidence of

recent past earnings.").

Based on the evidence, the trial court did not err in imputing income to husband and

ordering him to pay spousal support to wife.

## II.  Assignment of error #2

Husband argues that the trial court erred in allowing wife to call Gill as a witness after

she rested her case-in-chief and husband rested his case.  Husband contends the trial court's

decision to reopen wife's case was "arbitrary" and Gill's testimony was a "surprise" to him.

"Motions to reopen an evidentiary record or to reconsider a prior ruling involve matters

wholly in the discretion of the trial court."  Thomas v. Commonwealth, 62 Va. App. 104, 109,

742 S.E.2d 403, 406 (2013) (citations omitted).

> In addition to considering newly discovered evidence and legal
> error as the primary bases for the exercise of discretion in
> reopening a hearing, Virginia courts have also included among the
> factors to be applied in the analysis whether a party seeking
> rehearing had "ample opportunity to present evidence" at the initial
> hearing; whether the moving party's request to take additional
> evidence was timely; whether the moving party asserted the claim
> requiring rehearing at the initial hearing; and whether the grant of a
> motion to reopen a hearing would cause prejudice, delay,
> confusion, inconvenience, surprise or injustice to the opposing
> party.

Shooltz v. Shooltz, 27 Va. App. 264, 269 n.1, 498 S.E.2d 437, 440 n.1 (1998) (internal citations

omitted).

At the May 30, 2014 hearing, the parties agreed they would continue the case for husband

to testify and for wife to call Gill to testify since he did not appear at the last court date.  On June

9, 2014, husband elected not to testify, and wife called Gill to testify.  Husband objected.  The

trial court reminded husband that they had agreed to this procedure at the last hearing.  It also

stated it would exercise its discretion in allowing wife to call Gill to testify. The trial court explained that if Gill had appeared on May 30, 2014, wife would have called him in her case-in-chief.

Contrary to husband's arguments, the decision was not arbitrary, and there was no surprise when wife called Gill to testify. The parties had discussed the fact that Gill was summoned to appear at the May 30, 2014 hearing, but he was not present. They had agreed that wife could call him at the June 9, 2014 hearing.

Accordingly, the trial court did not abuse its discretion in allowing wife to call Gill as a witness.

*III. Appellate attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.