COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia

DAVID CHARLES AUMAN

v.          Record No. 2523-94-4            OPINION BY
                                        JUDGE JERE M. H. WILLIS, JR.
MARSHA JOAN AUMAN                           NOVEMBER 28, 1995

              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      LeRoy F. Millette, Jr., Judge

          Timothy T. Szabo (Szabo, Quinto, Zelnick &
          Erickson, P.C., on brief), for appellant.

          David G. Brickley (Brickley & Borsky, P.C.,
          on brief), for appellee.


     David Charles Auman contends that in determining child

support, the trial court abused its discretion in deviating from

the presumptive guideline amounts specified in Code § 20-108.2.

He argues that no evidence supports a deviation based either (1)

on an imputation of income to him pursuant to Code

§ 20-108.1(B)(3) or (2) on the parties' standard of living during

the marriage pursuant to Code § 20-108.1(B)(10).  We find no

error and affirm the judgment of the trial court.

     On September 1, 1992, the parties separated.  Mr. Auman

voluntarily began paying $100 per child per week for the support

of his two children.  The elder child had become emancipated when

the parties' final decree of divorce was entered on November 18,

1994.  The decree required Mr. Auman to pay $100 per week support

for the younger child.

     On December 2, 1994, Mr. Auman moved the trial court to

reconsider and clarify the amount and frequency of his child support payments. After a hearing, the trial court modified the November 18, 1994 decree to require Mr. Auman to pay $400 a month child support.

"Code § 20-107.2(2) vests discretion in the trial court in awarding child support and such awards will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986). A rebuttable presumption exists that the amount derived from the guidelines, Code § 20-108.2, is correct. Code § 20-108.1(B). "Once the presumptive amount is determined, the trial court may deviate . . . if such deviation is justified by factors recognized in Code §§ 20-108.1 and 20-107.2." Alexander v. Alexander, 12 Va. App. 691, 695, 406 S.E.2d 666, 668 (1991). "Whenever a child support award varies from the guidelines, Code § 20-108.2(A) requires the trial court to make written findings of fact . . . explaining why one or more of these [Code §§ 20-108.1 and 20-107.2] factors would make it 'unjust and inappropriate' to apply the guidelines to the case." Richardson v. Richardson, 12 Va. App. 18, 21-22, 401 S.E.2d 894, 896 (1991).

During the marriage, Mr. Auman worked as a clothing salesman at Raleigh's. He was laid off shortly before the parties' separation. After six weeks of unemployment, he began work at Woodward and Lothrop, where he remained for six months. In March, 1993, he began work at Saks Fifth Avenue Clearinghouse,

where he earned $13.50 per hour. In December, 1993, he voluntarily left Saks for a job at Syms, where he earned $9.50 per hour. In August, 1994, he left Syms for a job as a commissioned salesman at Boardroom Clothier Ltd., where he is currently employed. Mr. Auman earned gross income of $29,238 in 1992 and $25,765 in 1993. At the time of trial, his projected gross earned income for 1994 was $17,800.

Using Mr. Auman's projected 1994 income, the trial court determined the presumptive amount of his child support obligation to be $237 per month. See Code § 20-108.2. It found this amount to be "unjust and inappropriate." In fixing Mr. Auman's support obligation at $400 per month, the trial court based its deviation from the guideline amount on two factors.

First, finding that Mr. Auman had voluntarily left a salaried position for a job paying a lower salary and then for a job providing compensation only on commission, the trial court held that Mr. Auman was voluntarily underemployed. Pursuant to Code § 20-108.1(B)(3), it imputed to him an annual earning capacity of $28,080, or $2,340 per month, based upon his 1993 salary.

Second, considering the children's standard of living during the marriage and Mr. Auman's $100 weekly post-separation payments, the trial court found that "the whole thrust of [Auman's] testimony has been that he's very interested in his children and trying to pay them, not what he's required to pay

them, but what they need to live the kind of life that they had lived before the separation . . . ."

Citing <u>Antonelli v. Antonelli</u>, 242 Va. 152, 409 S.E.2d 117 (1991), Ms. Auman argues that although Mr. Auman's job changes may have been based on <u>bona</u> <u>fide</u> business or personal reasons, he cannot be permitted thereby to gamble with his child's ability to receive needed financial support. <u>Id.</u> at 156, 409 S.E.2d at 119-20.

In <u>Antonelli</u>, the father undertook an unsuccessful career change in the face of a support order. The Supreme Court held:

> [W]hen the father who was under court order to pay a certain sum for child support, which he was able to pay given his employment, chose to pursue other employment, albeit a bona fide and reasonable business undertaking, the risk of his success at his new job was upon the father, and not upon the children.

<u>Id.</u> <u>Antonelli</u> is not altogether on point. At the time he changed jobs, Mr. Auman was not under an order requiring him to pay a court-determined amount of child support. However, we find the situation presented in this case analogous to that presented in <u>Antonelli</u>.

When a family is together, it functions as a unit. Family decisions, including career decisions, presumably are made by consensus. Although the views of minor children may not be solicited, those children are nonetheless part of the family unit. Their needs and their welfare are factors embraced within family decisions. When the family breaks up, a different situation comes into existence. No longer are decisions made by

consensus.  Rather, the parties must chart their courses in a context that is adversarial, at least in structure.  Thus, each party must make his personal decisions having in mind his obligations, both actual and potential.  In these circumstances, a party is not free to make career decisions that disregard the needs of his dependents and his potential obligation to them, and "the risk of his success at his new job [is] upon [him], and not upon [his child]."  Id. at 156, 409 S.E.2d at 120.

We hold that the trial court did not abuse its discretion in holding Mr. Auman responsible for considering his support obligations when making career changes or in laying upon his shoulders the risk of those changes.  Thus, the trial court did not err in imputing to Mr. Auman income that his 1993 employment showed him capable of earning or in requiring him to perpetuate for his child the lifestyle that his 1993 income supported.

The judgment of the trial court is affirmed.

Affirmed.