## CIRCUIT COURT OF FAIRFAX COUNTY

Nancy Shook

v.

Wayne D. Shook

### December 12, 1995

### Case No. (Chancery) 85950

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court upon cross-motions to decrease/increase spousal support. Evidence was submitted on November 29, 1995, and the Court took the case under advisement.

The pending motions revolve around a decrease in gross income of Mr. Shook, effective January 16, 1995. Prior to that date Mr. Shook was employed by the National Fraternal Society of the Deaf at an annual gross wage of $51,204. Subsequent to that date his annual gross wage was reduced to $12,000, which alteration is argued to be a substantial change in circumstances warranting a reduction of support.

The evidence also reveals that spousal support of $600 per month was set on November 5, 1987, at which time Mr. Shook's annual gross income was approximately $37,000. The alteration into the $51,000 range is presented as a substantial change in circumstances warranting an increase in support.

As of January 16, 1995, the National Fraternal Society for the Deaf was facing serious economic reversals and potential loss of licensure from the Illinois Department of Insurance having already had license suspensions in Virginia, Connecticut, Minnesota, and Michigan. The Society, therefore, cut back its staff from ten to four and the two officers, one of whom was Mr. Shook, voted to decrease Mr. Shook's salary as an additional step to save the business. The controlling issue in this case is whether Mr. Shook's vote constituted a voluntary underemployment warranting imputation of income at the $51,000 level.

This case is complicated by the additional factor that both parties are severely hearing and speech impaired. Due to his education and training, Mr. Shook has been able to maintain well-paying jobs over the years. Mrs. Shook appears to have no prospects or potentiality for employment. The evidence reveals sharply limited opportunities even for Mr. Shook.

The case of *Antonelli v. Antonelli*, 242 Va. 152 (1991), held that where a father voluntarily changed jobs, making a "lateral" move into a riskier job paying the same income, he was required to bear the risk, not his children. Accordingly, when he lost his job, income was imputed at the previous level. This view recently has been restated and extended by the Court of Appeals in *Auman v. Auman*, 21 Va. App. 275 (1995).

The case at bar is distinguished from this line of cases, in that the evidence clearly shows that Mr. Shook maintained an increasing income until he was asked to resign from his gubernatorial appointment. The resulting unemployment continued for a number of months despite an intensive job search, until he was hired by the Society. In January of 1995, Mr. Shook had the choice of decreasing his salary or becoming unemployed once again. Such a choice was not truly a choice, and his action was necessary to maintain an income stream, not a voluntary decrease. The Court finds a substantial change in circumstances in support of Mr. Shook's Motion to Decrease.

In examining the factors of Section 20-107.1, and the evidence as to expenses of the parties, the Court is forced to decrease the monthly spousal maintenance and support to $300, despite the obvious need of Mrs. Shook. Mr. Shook is further ordered to furnish wage statements to Mrs. Shook every ninety days for the next two years. An arrearage is found to exist in the sum of $6,387.50 as of November 29, 1995, which arrearage must be paid within sixty days of entry of the Decree. The effective date for the change in support level is November 30, 1995.

The motions for sanctions and attorneys fees are denied.