COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


DEBORAH C. SPROLES

v.          Record No. 0134-98-3

ROBERT K. LOWRY, IV

MEMORANDUM OPINION[*] BY
JUDGE SAM W. COLEMAN III
JANUARY 12, 1999

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Charles B. Flannagan, II, Judge

Charles F. Lincoln for appellant.

B.L. Conway, II (Conway & Conway, L.L.C. on
brief), for appellee.


Deborah C. Sproles appeals an order from the circuit court
requiring Robert K. Lowry, IV, to pay $219.21 per month in child
support for his son, Isaac Lowry.  The parties stipulated that
Lowry was entitled to a $157 "credit" for support of a child from
a previous marriage.  Sproles contends that the circuit court
erred by deducting the $157 after calculating Lowry's presumptive
amount from the statutory guidelines.  Sproles argues that the
court should have "credited" the $157 against Lowry's monthly
income before calculating the presumptive child support
obligation.  Based on the procedural posture of the case, and the
manner in which the issues were presented to the trial judge, we
affirm the support award.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

BACKGROUND

On November 20, 1991, the circuit court ordered Lowry to pay $260 per month in child support. The court arrived at the amount by calculating the presumptive amount of child support, according to the statutory guidelines, and then deducting $159 per month to adjust for Lowry's support of a child from a previous marriage. Neither party objected to this calculation and the record suggests, although it is not entirely clear, that they agreed to a $159 "credit" then, as they later did in the proceeding before us on appeal.

On June 30, 1997, Sproles moved the juvenile and domestic relations court to modify the prior support order based on changed circumstances. At the modification hearing, the parties stipulated to their gross monthly incomes, work-related child care expenses and the $157 credit to Lowry for support of the other child.[1] The juvenile and domestic relations court found that circumstances had changed and, in calculating the support award, deducted the $157 credit from Lowry's monthly gross income before calculating the presumptive amount of child support from the guidelines. Lowry appealed to the circuit court. In the circuit court, the parties stipulated to the figures and submitted the case to the court on the sole issue of whether under Code § 20-107.2 the stipulated amount for a "credit" for

---

[1]The record does not explain why the parties agreed upon a $157 credit in 1997, when the credit in 1991 was $159.

- 2 -

child support to the other child should be deducted from gross income or from the presumptive child support amount. The trial court held that under the statute any deviation should be from the guidelines amount, not from the gross income. The appellant argues that the trial court erred and asserted at oral argument that the Washington County Juvenile and Domestic Relations District Court routinely uses the approach of adjusting gross income.

## ANALYSIS

"`Code § 20-107.2(2) vests discretion in the trial court in awarding child support and such awards will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Auman v. Auman, 21 Va. App. 275, 277, 464 S.E.2d 154, 155 (1995) (quoting Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986)).

The statute creates a rebuttable presumption that adherence to the guidelines produces a just and appropriate child support award. Code § 20-108.2(A). Here the parties stipulated that the amount for which Lowry would be granted a "credit" to adjust for the support of the other child would be $157. The parties disagree as to how the court should have applied that "credit."

We disagree with Sproles that pursuant to the statute or the stipulation the court should have deducted the credit from Lowry's gross income.

> The starting point for a trial court in determining the monthly child support obligation of a party is the amount as

> computed by the schedule found in Code
> § 20-108.2(B). . . . No additions or
> subtractions from the gross income, as
> defined in Code § 20-108.2(C), even if
> otherwise valid considerations, may be made
> <u>before</u> this figure is determined.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). Thus, under the statute it would have been an abuse of discretion for the juvenile and domestic relations court to subtract the stipulated "credit" from the gross income prior to calculating the presumptive amount.

On the other hand, the trial court did not abuse its discretion under the statute by subtracting the $157 stipulated "credit" from the presumptive guideline support amount. As Richardson makes clear, the court may deviate from the guidelines as long as the court bases the deviation on the factors in Code §§ 20-107.2 and 20-108.1. See id. "Actual monetary support for other children, other family members or former family members" is one of the factors that a trial court may consider in deciding whether to deviate from the guidelines. Code § 20-108.1(B)(1). See Farley v. Liskey, 12 Va. App. 1, 3-4, 401 S.E.2d 897, 898-99 (1991).

Although the circuit court would normally consider the full amount of support paid for another child in determining how much to deviate, the trial court did not err in accepting the stipulated amount of $157, which had similarly been applied between 1991 and 1997, as the amount by which the presumptive award would be modified. The trial judge did not abuse his

discretion by accepting the parties' stipulation, although he was not bound by it.  When a trial judge determines that the best interest of the child would be served by rejecting the stipulation, a trial judge has the discretion to adjust or disregard a "credit" to which the parties stipulated.  See <u>Kaplan v. Kaplan</u>, 21 Va. App. 542, 548, 466 S.E.2d 111, 114 (1996).  Here, neither party requested the circuit court judge to take such action, and he did not do so <u>sua</u> <u>sponte</u>.  Likewise, on appeal, neither party argues that the circuit court abused its discretion by accepting $157 as the amount of the "credit."  The only issue before us, therefore, is whether the trial court erred in deducting the stipulated "credit" after, instead of before, calculating the presumptive amount of support.  Because the circuit court was correct under Code § 20-107.2 in deducting the credit from the presumptive amount of child support, we affirm its support award.

<u>Affirmed.</u>