COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Annunziata
Argued at Alexandria, Virginia


FERNANDO CARDOZO

                                   MEMORANDUM OPINION* BY
v.    Record No. 0084-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        OCTOBER 31, 2000
LAURA DALESKI


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Jonathan C. Thacher, Judge

          John D. Steffan (Steffan & Associates, on
          briefs), for appellant.

          Scott A. Surovell (Surovell, Jackson,
          Colten & Dugan, on brief), for appellee.


     In this domestic relations case, Fernando Cardozo (father)

appeals the trial court's child support order.  On appeal, he

contends the trial court erred: (1) in its computation of his

gross income; (2) in failing to deviate from the presumptive

amount of child support; (3) in finding that he and his witnesses

were not credible; and (4) abused its discretion in awarding

attorney's fees.  Finding no error, we affirm.

                        I.  BACKGROUND

     On appeal, we construe the evidence in the light most

favorable to mother, the prevailing party below, granting to

that evidence all reasonable inferences fairly deducible

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

therefrom.  See Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

So viewed, the evidence established father and Laura Daleski (mother) were never married.  They had six children together.  Subsequently, father married and has two children with his wife.  Father paid child support to mother for their six children pursuant to an order from the Juvenile & Domestic Relations District Court of Fairfax County (juvenile court), however, there have been historical and continuing arrearages.  In May 1998 one child began living with father, and a second child was expected to join father's household in September 1999.  Due to this change in circumstances, father filed a motion to modify child support in the juvenile court.  Mother filed a cross motion to modify child support based on an increase in father's income.  The juvenile court awarded mother an increase to $905 per month, and father appealed.

Father and his wife started Cardozo Concrete, a jointly owned company in which he owned 49% and his wife owned 51% of the business.  The business was operated out of the marital home.  The home had a value of between $170,000 and $173,000, and each claimed to earn approximately $48,000 per year.  Father also listed income of $19,500 on his 1998 W-2 form.  The records of father and his wife show extensive personal use of a company credit card including liquor purchases, groceries, entertainment

-

and vacations.  Father also bought several expensive cars, some in his name and some in the name of the business.

At trial, father and his wife testified that their income had not changed substantially and that their business was not making a profit.  The trial court found that the couple ran their business like a "personal piggy bank" and blurred the lines between personal and business income and expenses.  The trial judge found their testimony and that of their witnesses to be wholly incredible and rejected it.  He determined father's gross income to be $5,280 per month from the available tax records and other documentary evidence and ordered the presumptive guideline amount of child support pursuant to Code § 20-108.2.  He found no reason to deviate from the presumptive amount and ordered father to pay $10,000 of mother's attorney's fees.

## II.  CALCULATION OF FATHER'S INCOME

"Decisions concerning both [spousal and child] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the trier of fact must decide."  Luczkovich v. Luczkovich, 26 Va. App. 702, 715, 496 S.E.2d 157, 163 (1998) (citations omitted).

-

Father argues that the trial court erroneously included his officer loans as income and failed to understand the testimony regarding his K-1 tax form and officer loans. The record shows that both father and father's accountant failed to explain the way business loans to officers were handled or the basis for the K-1 information. Father specifically evaded questions regarding bookkeeping and stated his wife was his bookkeeper. In her testimony, his wife said she was not that involved with the books and was more a mother to his children than a bookkeeper. Father and his accountant testified that it was rare that an officer loan was repaid to the company.

Code § 20-108.2(C) defines "gross income" for the purposes of calculating child support. It states "[g]ross income shall be subject to deduction of reasonable business expenses for persons with income from self-employment, a partnership or a closely held business." The burden of proving that the business expenses are reasonable falls on the person involved in the business. See Code § 20-108.2(C). The record in the instant case shows the trial court based its calculation of father's gross income on the undisputed content of the bank records, IRS and accounting records, and credit card statements. Father's evidence was both inconclusive and contradictory, and we find no error in the trial court's rejection of that evidence.

III.  DEVIATION FROM PRESUMPTIVE AMOUNT OF CHILD SUPPORT

Father next contends the trial court erred in failing to consider his support of his two other children and deviate from the guideline amount of child support.  "A rebuttable presumption exists that the amount derived from the guidelines, Code § 20-108.2, is correct."  Auman v. Auman, 21 Va. App. 275, 277, 464 S.E.2d 154, 155 (1995).  Code § 20-108.1(B) states in part:

> In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case.  The finding that rebuts the guidelines shall state the amount of support that would have been required under the guidelines, shall give a justification of why the order varies from the guidelines, and shall be determined by relevant evidence pertaining to the following factors affecting the obligation, the ability of each party to provide child support, and the best interests of the child:  1.  Actual monetary support for other children, other family members or former family members[.]

The trial court, in response to a question from father's attorney, stated he had taken the father's other obligations to his two children into consideration when calculating father's child support obligation.  A trial court may consider payor's obligation to additional children, but is not required to use this as a basis for deviation or to give a dollar for dollar

-

credit.  The record discloses no error in the trial judge's application of the guidelines.

### IV.  TRIAL COURT'S FINDING THAT FATHER AND HIS WITNESSES WERE NOT CREDIBLE

"The trial court's decision, when based upon credibility determinations made during an <u>ore</u> <u>tenus</u> hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it."  <u>Douglas v. Hammett</u>, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).  In the instant case, father and his witnesses made numerous inconsistent statements about the accounting practices of the business, the profitability of the business and the intermingling of business and personal expenditures.  Father's accountant was unaware of inconsistencies on his preparation and submission of business tax returns.  Among other items, he claimed depreciation on vehicles not owned by the corporation and could not explain his 80/20 split between personal and business use of the vehicles.

The evidence shows repeated intermingling of business and personal expenses.  Father, his wife and their accountant had inconsistent explanations for myriad personal expenditures made from business funds.  The trial court determined that the testimony of father and his witnesses was in direct conflict with the uncontested documentary evidence and lacked believability.  Ample credible evidence supports this determination.

-

## V. ATTORNEY'S FEES

Attorney's fees and costs may be awarded in a child support modification case. <u>Edwards v. Lowry</u>, 232 Va. 110, 114, 348 S.E.2d 259, 262 (1986). An award of attorney's fees and costs is within the sound discretion of the trial judge. <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Father was continually in arrears in child support; had a larger income than mother; and was recalcitrant in providing discovery. We find no abuse of discretion in the trial court's award of attorney's fees to mother.

For the foregoing reasons, the order of the trial court awarding child support and attorney's fees is affirmed.

<u>Affirmed</u>.