COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


WILLIAM BERNARD SIMMONS

MEMORANDUM OPINION[*] BY

v.    Record No. 1145-00-3    JUDGE RUDOLPH BUMGARDNER, III
                                  MARCH 20, 2001

JOANNE (LINDSEY)(SIMMONS) HAIRSTON, F/K/A
 JOANNE (LINDSEY) SIMMONS


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Charles B. Flannagan II, Judge

John B. Coleman (David L. Scyphers;
Scyphers & Austin, P.C., on brief), for
appellant.

Thomas R. Scott, Jr. (Benjamin A. Street;
Street, Street, Street, Scott & Bowman, on
brief), for appellee.


William Bernard Simmons and JoAnne Hairston were divorced
by decree entered February 2, 1998.  The final decree, not
entered until April 18, 2000, set child support at $1,051.87 per
month.  The father contends the trial court erred in computing
the child support because it (1) failed to give him credit for
support he provided a third child, (2) failed to impute
sufficient income to the mother, and (3) failed to use the
shared custody guidelines when fixing child support.  He also

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

appeals the award of attorney's fees to the mother.  Finding no error, we affirm.

The parties were married February 20, 1983 and had two children.  They separated in May 1995, and the mother filed for divorce in May 1996.  The husband fathered a third child out-of-wedlock in December 1996.  At the time of the support hearing, the father lived with the mother of the third child and voluntarily paid her $2,000 per month support.

The father contends he should receive credit for the support paid his third child.  The "actual monetary support a party pays for other children" is a factor the trial court must consider when computing child support.  Code § 20-108.1(B); Farley v. Liskey, 12 Va. App. 1, 3-4, 401 S.E.2d 897, 898-99 (1991).  The record shows the trial court did consider that factor:  "I will be revisiting the suggestion that there is another child that the Court should be taking into consideration. . . . I do find that an appropriate consideration, but I don't have a rote formula for doing so.  It will depend on all the various circumstances that exist."

Code § 20-108.1(B) does not require the trial court to give a credit or an offset equal to the support the husband paid for his third child; it only requires consideration of that fact.  The trial court was considering that factor as it noted while fixing the support at $1,051.87, "father was voluntarily furnishing almost twice as much support for his third child and

-

the mother of that child than for the two children which are the subject of this proceeding." The trial court has broad discretion in awarding child support, and its awards will not be reversed on appeal unless plainly wrong or unsupported by the record. Auman v. Auman, 21 Va. App. 275, 277, 464 S.E.2d 154, 155 (1995). The trial court did not err in its method of calculation, and it did not abuse its discretion as it considered the husband's support of his third child.

The father contends the trial court imputed insufficient income to the wife. The trial court did impute $1,000 to the wife, but the husband argues the trial court should have imputed at least $2,000. The mother was a college graduate who became an insurance agent during the marriage. Her earnings were as high as $40,000 to $77,775. When she produced that, she generated significant premiums from her husband's company and the companies that dealt with it. That premium base evaporated with the divorce litigation. Her income as an insurance agent also decreased because of changes in the insurance industry that increased competition for business.

By February 1999, the wife stopped selling insurance and sought other employment but was only working thirty hours per week. The husband's salary had remained at $65,000 for the last few years, but he eliminated his debt service expense by declaring personal bankruptcy. The mother had increased expenses due to her daughter's illness and the need to pay for

-

her own health insurance.  The father's bankruptcy left her solely responsible for their joint obligations.

The party seeking to impute income has the burden of proof. Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993). No evidence supported imputing $2,000 income to the wife.  The husband offered no evidence about the employment opportunities available to the wife given her education and experience.  The trial court imputed income of $1,000 per month but found "the evidence before me does not make a case for imputing income beyond" that amount.  The trial court noted the wife's high income as an insurance agent "was artificial" and no evidence suggested that it could be duplicated.

The trial court must "'consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children.'" Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citation omitted).  The record shows that it did this. The decision to impute income is within the sound discretion of the trial court, and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence. Code § 20-108.1(B)(3); Saleem v. Saleem, 26 Va. App. 384, 393, 494 S.E.2d 883, 887 (1998); Stubblebine v. Stubblebine, 22 Va. App. 703, 707, 473 S.E.2d 72, 74 (1996) (en banc) (court's

-

decision is presumptively correct). Given the circumstances of this case, we find no error in the trial court's decision.

Next, the father contends the trial court erred by using the sole custody guidelines rather than the shared custody guidelines. The father did not raise an objection before the trial court or except to the final order. During oral argument, the father conceded that he had not objected. Accordingly, we will not address this issue. Rule 5A:18; Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 737 (1991) (en banc); Ohree v. Commonwealth, 26 Va. App. 299, 308-09, 494 S.E.2d 484, 488-89 (1998).

Finally, we consider whether the trial court erred in awarding the mother $2,500 in attorney's fees. The wife incurred legal fees of $13,140.88 in this case. The trial court awarded the wife legal fees of $2,500, less than twenty percent of her expense. The trial court has broad discretion so long as the attorney's fees award is reasonable under the circumstances. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987); McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Based on the circumstances and equities of this case, we cannot say the trial court abused its discretion in making this award.

Accordingly, we affirm.

Affirmed.

-