COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


IKHAMAYYES JARIRI

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0353-04-4                      JUDGE JERE M.H. WILLIS, JR.
                                                         NOVEMBER 16, 2004
DIVISION OF CHILD SUPPORT ENFORCEMENT,
   *ex rel.* AMAL JARIRI


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                               M. Langhorne Keith, Judge

                  (Michael J.O. Sandler; Becker, Hadeed, Kellogg & Berry, P.C., on
                  briefs), for appellant.  Appellant submitting on briefs.

                  Geoffrey Scott Darnell, Special Counsel (Jerry W. Kilgore, Attorney
                  General; David E. Johnson, Deputy Attorney General; Craig M.
                  Burshem, Senior Assistant Attorney General; Beth J. Edwards,
                  Regional Special Counsel; Betsy D. Jenks, Regional Special
                  Counsel; Maryann S. Bright, Special Counsel, on brief), for
                  appellee.


        Ikhamayyes Jariri (father) appeals the judgment of the trial court ordering him to pay $200

per month to Amal Jariri (mother) for the support of one of their children.  He contends (1) that the

trial court erred in refusing to accord comity to a support order issued by a court in the Kingdom of

Jordan without hearing evidence on the issue, and (2) that the award is excessive.  The Division of

Child Support Enforcement (the Division) contends that the trial court erred in deviating from the

presumptive support award.  We affirm the judgment of the trial court.


_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence, and all reasonable inferences fairly deducible from it, in the light most favorable to the prevailing party below. Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992). "Where, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Id. (citation omitted).

Father and mother were married in 1985 and had three children. They are now divorced. Father resides in Virginia with two of the children. Mother lives in Jordan with the third child. In 1993, mother obtained from a Jordanian court an order requiring father to pay her child support. Receiving no support from father, mother attempted unsuccessfully to enforce the order through the Jordanian courts. She then contacted the Division, which entered an administrative support order. Father appealed to the juvenile and domestic relations district court (JDR court), which voided the administrative order, giving effect to the Jordanian order under the principle of comity. The Division appealed to the trial court.

Before the trial court, mother testified that, for religious reasons, she is unable to work. Father has worked for several years as a handyman at a local motel. The evidence disclosed his income. A witness testified that the minimum wage in Jordan is about $125 per month. Asked about the average household income in Jordan, the witness replied:

> It's a very well-known figure. It's $1600 dollars [sic] a year.
> That's the average per capita income for the person. Since we
> have what they call the pendency, there is only mostly one person
> works at a time, or two persons maximum. In Jordan it is like six
> people, like one working person feed and you know support six
> people.

At the conclusion of the Division's evidence, father moved to strike, arguing that the Division either was trying to modify the Jordanian order, which had never been properly registered in Virginia, or was seeking a new support order when a valid order already existed. He argued that

the Division bore the burden of proving that Jordanian child support laws do not conform to the laws in Virginia, and that absent such proof, the Jordanian order should be enforced.

Citing the United States Code, the Division argued that no reciprocity agreement exists rendering the Jordanian order valid and enforceable in the United States. It argued that the court issuing the asserted order was a Shariea court, which is a religious, not civil court, and that the order of such a court is not enforceable in Virginia. It argued that the trial court could not recognize a foreign order that had not been registered pursuant to Code § 20-88.67. No Jordanian order was proffered, placed in evidence, or otherwise identified as a part of the record in the case.

The trial court declined to recognize the Jordanian order. It imputed to father his average monthly income for the previous two years and to mother income of $118 per month based on the average monthly minimum wage in Jordan. It deducted $65 per month as mother's obligation to support the two children in father's custody. It calculated the presumptive support due mother by father at $390 per month. It deviated downward from that amount based on the economic circumstances prevailing in Jordan and the lower cost of living there. See Code § 20-108.1(B)(18).

Analysis

Father contends the trial court lacked jurisdiction to consider the merits of the case because it should have given effect to the Jordanian order under the principle of comity. The trial court did not base its rejection of the order on a comity analysis. Rather, it ruled that the Jordanian order was unenforceable because it had not been registered pursuant to Code § 20-88.67. Father argues that registration is not indispensable to the enforceability of a foreign order, that such an order, though not registered, may be enforced by comity. The record affords us no basis to entertain this argument.

A party complaining of a trial court ruling bears the burden of presenting a record demonstrating that he asserted before the trial court the position that he proposes on appeal. See

Rule 5A:18. Thus, father bears the burden of demonstrating on appeal that he presented to the trial court a Jordanian order entitled to enforcement by comity. This he has failed to do. The record reflects no proffer, identification, or receipt into evidence of any document considered by the trial court as proposed to be a Jordanian order. We have no basis to review the character, authority or authentication of anything proposed as such a document. Thus, we are unable to review the trial court's ruling.

Father also contends that the trial court abused its discretion in ordering him to pay $200 per month. He recognizes that the presumptive child support guidelines provided for a monthly payment of $390. However, he argues that $200 per month is more than is required to maintain a child in Jordan. The Division contends that the trial court erred by deviating downward from the presumptive amount. It argues that by deviating from the guideline presumptive amount, the trial court imposed a lower standard of living on the child. We find no merit in either argument.

"[D]ecisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993). "A rebuttable presumption exists that the amount derived from the guidelines, Code § 20-108.2, is correct." Auman v. Auman, 21 Va. App. 275, 277, 464 S.E.2d 154, 155 (1995). "'Once the presumptive amount is determined, the trial court may deviate . . . if such deviation is justified by factors recognized in Code §§ 20-108.1 and 20-107.2.'" Id. (citation omitted).

The trial court found that the "cost of living in Jordan is substantially lower than in Virginia and as such the guideline level of $390 per month is found to be unjust and inappropriate." Thus, the trial court based its deviation from the guidelines on the fact that the *cost* of living in Jordan is lower than the cost of living in Virginia. It did not impose a lower *standard* of living on the child. This ruling was supported by the evidence, reflects no abuse of discretion, and was authorized by

Code § 20-108.1(B)(18).[1] Nothing in the record suggests that $200 per month will not provide appropriately for the child and is not affordable by father.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[1] Code § 20-108.1(B)(18) provides that the trial court shall consider "[s]uch other factors, including tax consequences to each party, as are necessary to consider the equities for the parents and children" when deviating from the presumptive child support guidelines.